IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID GAVALDON,

    Plaintiff,

  vs.

G. D. LEWIS, et al.,

    Defendants.

No. C 11-03920 YGR (PR)

**ORDER TO SHOW CAUSE WHY CLAIMS AGAINST UNSERVED NAMED DEFENDANTS SHOULD NOT BE DISMISSED**

    Plaintiff, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has paid the full filing fee.

    Venue is proper because the events giving rise to the claim are alleged to have occurred at the Pelican Bay State Prison (PBSP), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

    In his complaint, Plaintiff names multiple Defendants, who are mostly prison officials at PBSP. Plaintiff seeks monetary damages.

    To date, Plaintiff has not filed a proof of service on any of the Defendants named in this action. Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, Plaintiff's complaint has been pending for over 120 days and thus, absent a showing of "good cause," claims against the unserved defendants are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

    Recognizing the fact that he is an incarcerated *pro se* litigant, the Court finds good cause exists to extend the service deadline under Rule 4(m). Within **thirty (30) days** from the date of this

1 Order, Plaintiff shall file proof that he has served the named Defendants. The failure to do so will
2 result in the dismissal of all claims against these named Defendants without prejudice.

3 Even if a prisoner pays the fee and serves the complaint on his own, the Court is still
4 required to review the action before it can proceed. *See* 28 U.S.C. § 1915A(a) (federal courts must
5 engage in a preliminary screening of cases in which prisoners seek redress from a governmental
6 entity or officer or employee of a governmental entity.) Once Plaintiff has filed proof that he has
7 served the named Defendants, the Court will screen the complaint in a separate written order.

8 It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed
9 of any change of address and must comply with the Court's orders in a timely fashion. Failure to do
10 so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil
11 Procedure 41(b).

12 Extensions of time are not favored, though reasonable extensions will be granted. Any
13 motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline
14 sought to be extended.

15 IT IS SO ORDERED.

16 DATED: April 20, 2012
17 YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE